UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HISCOX INSURANCE COMPANY INC.,

                Plaintiff,

       - against -

CMNT LLC *et al.*,

                Defendants.

-------------------------------------------------------x

**ORDER ADOPTING**
**REPORT & RECOMMENDATION**
24-CV-8322 (PKC) (CHK)

PAMELA K. CHEN, United States District Judge:

Plaintiff Hiscox Insurance Company Inc. ("Hiscox") brought this action against Defendant CMNT LLC ("CMNT") and Nominal Defendants Denis Moses Campos ("Campos"), 1950 Ocean Realty LLC ("Ocean"), Euro Building Group Inc. ("Euro"), Xavier Mariduena, ABC Corps. 1–20, and John Does 1–20, seeking a declaratory judgment that the three insurance policies Hiscox issued to CMNT are rescinded and void *ab initio* due to a misrepresentation CMNT made to Hiscox in its policy application. (Compl., Dkt. 1.) After Defendants Ocean, CMNT, Euro, and Campos failed to answer Hiscox's Complaint, Hiscox requested certificates of default, (Reqs. Certificate of Default, Dkts. 18–20, 37). On March 3, 2025 and May 21, 2025, the Clerk of Court entered default against these Defendants. (Clerk's Entries of Default, Dkts. 21–23, 38.) On May 22, 2025, the Court directed Hiscox to file a motion for default judgment by July 22, 2025. (05/22/2025 Dkt. Order.)

On July 15, 2025, non-party New York Marine and General Insurance Company ("NYM") filed a motion to intervene in the action. (Dkt. 39.) NYM asserted that Hiscox had provided additional insurance coverage[1] to Ocean and Euro through CMNT's policy, while NYM had

---

[1] "[T]he additional insured party is anyone other than the named insured who is protected by the policy." *Reidy Contracting Grp., LLC v. Mt. Hawley Ins. Co.*, 167 F.4th 44, 48 (2d Cir.

provided commercial general liability insurance to Ocean and Euro; therefore, Hiscox's efforts to rescind its policies with CMNT created "significant, potential exposure" for NYM.  (Dkt. 39-1 at 3, 12.)  According to NYM, if Hiscox's policies were rescinded, NYM "[would] be liable for defense costs and potentially indemnity costs in the [u]nderlying [a]ctions."  (*Id.* at 13.)  NYM indicates that it seeks to challenge Hiscox's recission of the policies as untimely and waived by Hiscox's failure to disclaim liability pursuant to N.Y. Ins. Law § 3420(d)(2).  (*Id.* at 5–7.)

Shortly thereafter, on July 22, 2025, Hiscox filed its motion for default judgment.  (Dkt. 40.)  The Court referred the motion for intervention and motion for default judgment to the Honorable Clay H. Kaminsky, Magistrate Judge.  (07/23/2025 Dkt. Order Referring Motion; 09/23/2025 Dkt. Order Referring Motion); 28 U.S.C. § 636(b)(1)(A) (authorizing a district judge to refer certain pretrial matters to a magistrate judge).  On February 12, 2026, Judge Kaminsky issued a Report and Recommendation (the "R&R"), recommending that NYM's motion to intervene be granted and that Hiscox's default judgment motion be denied.  (R&R, Dkt. 44.)  Hiscox timely objected.  (Obj. to R&R ("Obj."), Dkt. 45.)  For the following reasons, the Court adopts Judge Kaminsky's well-reasoned and thorough R&R in its entirety.

## STANDARD OF REVIEW

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Where a party timely objects to an R&R, the Court must conduct a *de novo* review of the contested sections of the report.  *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003); *Clune v. Barry*, No. 16-CV-4441 (NSR) (JCM), 2024 WL 4266439, at

---

2026) (citation omitted).  NYM contends that Hiscox issued an insurance policy to CMNT, which covers Euro and Ocean as additional insureds.  (Dkt. 39-1, at 2–4.)

*2 (S.D.N.Y. Sep. 23, 2024). Here, Hiscox has objected only to the R&R's denial of its motion

for default judgment. (Obj., Dkt. 45, at 1.) Thus, the Court only reviews the portion of the R&R

denying the motion for default judgment *de novo*, and reviews the rest of the R&R for clear error.[2]

**DISCUSSION**

Hiscox asserts that the R&R failed to conduct the proper default judgment analysis and

instead denied the motion on the basis that doing so would allow the adversarial process to proceed

and avoid splintering this litigation into a separate action. (*Id.* at 3.) Specifically, Hiscox first

asserts that the dispute as to priority of coverage between NYM and Hiscox would not resolve the

issue of "whether CMNT procured the Hiscox policies through material misrepresentation," and

therefore the R&R's "central justification" for denying the motion for default judgment cannot

stand. (*Id.* at 4.) Second, Hiscox contends that judicial economy favors entering default judgment

because, by granting Hiscox's motion, "NYM could focus its intervention on what it actually seeks

to litigate — its equitable defenses and its assertion that its insureds qualify as additional insureds

under the Hiscox policies." (*Id.* at 8–9.) The Court disagrees.[3]

Contrary to what Hiscox contends, denying the motion for default judgment has repeatedly

been found by courts in this Circuit to be appropriate in similar circumstances to the facts at issue

---

[2] Hiscox does not contest—and the Court discerns no clear error—in granting NYM's motion to intervene.

[3] The Court also rejects Hiscox's argument that the R&R erred by declining to proceed to the "second step of the default judgment analysis — . . . whether Hiscox's well-pleaded allegations establish liability." (Obj., Dkt. 45, at 3.) It is well-established that a court has discretion "to determine whether the entry of default judgment is appropriate in the given case." *J & J Sports Prods., Inc. v. Joseph*, No. 19-CV-6124 (RPK) (ST), 2022 WL 2467064, at *3 (E.D.N.Y. Jan. 20, 2022). Here, Judge Kaminsky found that granting default judgment would be inappropriate both because of the preference for "allowing an interested party to intervene as a defendant and enable the adversarial process to run as intended, . . . . especially in light of NYM's claim that it should have been included as a party in the first place," and because "default judgment would postpone and complicate the future of this dispute rather than resolve it." (R&R, Dkt. 44, at 15.)

here.  Take, for example, *Ohio Security Insurance Company v. ADA Island Construction Corp.*, No. 24-CV-3422 (AMD) (CLP), 2025 WL 2399053 (E.D.N.Y. Aug. 18, 2025).  In that case, plaintiffs Ohio Security Insurance Company and The Ohio Casualty Insurance Company sought a declaratory judgment releasing them from defending and indemnifying defendants SZO Construction Group Inc. and International Concrete Corp. on the basis of a material misrepresentation made.  *Id.* at \*1–2.  The plaintiffs allegedly provided additional insurance coverage to Tov Erasmus LLC, JIH Builders Group LLC, Empire State Dairy LLC, and Bushburg Builders, LLC (the "Additional Insureds").  *See* Mem. in Supp. Mot. to Intervene at 15, *Ohio Sec. Ins. Co. v. ADA Island Constr. Corp.*, No. 24-CV-3422 (AMD) (CLP) (E.D.N.Y. Dec. 14, 2024), Dkt. 20-8, at 1.  Similar to the facts here, the plaintiffs moved for default judgment, and, shortly thereafter, United Specialty Insurance Company and State National Insurance Company, who also provided insurance coverage to the Additional Insureds, filed a motion to intervene in the action, asserting that granting default judgment "would cause them and other putative additional insureds on plaintiffs' policies 'inequitable harm and damages.'"  *See Ohio Sec.*, 2025 WL 2399053 at \*2–3; *see also* Mem. in Supp. Mot. to Intervene, *supra*, at 10.  Specifically, the intervenors argued that if the plaintiffs' policies were "found void or inapplicable," they "would face[] 100% of the burden of defending and indemnifying the Additional Insured[s]."  *See* Mem. in Supp. Mot. to Intervene, *supra*, at 16 (citation omitted).  The court denied the motion for default judgment because "there is an open question as to whether the intervenors will be allowed to interpose potential defenses to plaintiffs' claims that would have a direct impact on any determination of liability and potential damages with respect to the defaulting defendants in this case."  *Ohio Sec.*, 2025 WL 2399053, at \*4.

*Century Surety Company v. Whispers Inn Lounge, Inc.*, No. 13-CV-9049 (LGS), 2014 WL 8392302 (S.D.N.Y. Dec. 15, 2014) reached a similar outcome, albeit on slightly different facts.  In that case, the plaintiff sought, as Hiscox does here, to declare the insurance policy it granted defendant Whispers Inn Lounge ("Whispers") void *ab initio* due to a material misrepresentation Whispers had made.  *Id.* at *1.  Whispers defaulted, but the district court declined to grant the plaintiff default judgment.  *Id.* at *1–2.  Other defendants in the action, including defendant 1226 E. Gunhill Road, LLC, an additional insured under the plaintiff's policy with Whispers, had entered appearances in the action.  *Id.* at *1.  The court found that "[g]ranting [the plaintiff's] requested relief and declaring that the underlying action is not covered or that the policy be rescinded *ab initio*, would, in effect, decide the case for Gunhill," by denying it coverage.  *See id.* (emphasis added).

Taken together, these cases establish that a district court may, in its discretion, decline to grant a motion for default judgment that would void an insurance policy, where doing so would effectively decide a coverage dispute with an insurer who is a party to the suit.  Courts have repeatedly denied "[e]ntry of default judgment in an action for declaratory relief where, as here, a non-defaulting [intervening] party's interests are intertwined with those of the defaulting party," and entry of default judgment "would prevent the non-defaulting [intervening] party from litigating its claims and thus cause great prejudice to that party."  *Known Litig. Holdings, LLC v. Navigators Ins. Co.*, No. 3:12-CV-0269 (JBA), 2015 WL 13636078, at *2 (D. Conn. Feb. 11, 2015) (compiling cases); *see Ohio Sec.*, 2025 WL 2399053, at *4 (denying motion for default judgment as premature because it would "prejudice the potential intervenors and other possible insureds, should they be permitted to intervene and contest plaintiffs' allegations in the future");

5

*Century Sur. Co.*, 2014 WL 8392302, at \*1 (delaying entry of default judgment because doing so would effectively decide the case for another defendant).

Here, granting default judgment to Hiscox would prejudice the interests of NYM, who is now a party in this action.[4] Granting default judgment would void the additional insurance policy between Hiscox and CMNT, which purportedly covered Euro and Ocean as additional insureds.[5]

---

[4] Hiscox's reliance on *2939, LLC v. Continental Indemnity Company*, No. 23-7466, 2024 WL 4553900 (2d Cir. Oct. 23, 2024) (summary order), in support of its argument that entering default judgment against CMNT will protect NYM's rights, is misplaced. (Obj., Dkt 45, at 5.) That case arose out of a construction worker's injury, while working for his employer, Bulson Management, LLC ("Bulson"), on property owned by several related companies (collectively "Industria"). *2939, LLC v. Cont'l Indem. Co.*, No. 21-CV-0729 (RPK) (RML), 2023 WL 7173865, at \*1 (E.D.N.Y. Sep. 21, 2023), *vacated and remanded*, 2024 WL 4553900. Bulson's insurer, Continental Indemnity Company ("Continental"), sued Bulson, seeking a declaratory judgment that it was not obligated to defend and indemnify Bulson for its employee's injury claim. *Id.* Industria and its general liability insurance provider sought to intervene in the dispute between Continental and Bulson, on the basis that Industria might share liability with Bulson in the underlying construction injury action and therefore had a financial interest in Bulson's coverage. *Id.* Unlike here, however, the court *denied* Industria and its insurer intervention. *Cont'l Indem. Co. v. Bulson Mgmt., LLC*, No. 20-CV-3479 (JMF), 2020 WL 6586156, at \*2 (S.D.N.Y. Nov. 10, 2020). Default judgment was then entered against Bulson. *See Cont'l Indem. Co. v. Bulson Mgmt., LLC*, No. 20-CV-3479 (JMF), 2022 WL 1747780, at \*2 (S.D.N.Y. May 31, 2022). As a result, Industria and its insurer commenced a *separate* action against Continental, seeking a declaratory judgment that Continental was obligated to defend and indemnify *Bulson* in the construction injury action—in an effort to insulate Industria and its insurer from having to indemnify Bulson in the construction injury action. *See 2939, LLC*, 2023 WL 7173865, at \*1–2. The Second Circuit held that the default judgment against Bulson in the construction injury action—which provided that Continental did not owe Bulson a duty to defend or indemnify, *Cont'l Indem.*, 2022 WL 1747780, at \*2—would not have a claim-preclusive effect in the litigation brought by Industria and its insurer against Continental, as *Industria and its insurer were not allowed to intervene in the construction injury action, and thus were not parties to that suit. See 2939*, 2024 WL 4553900, at \*2–3. Thus, *2939, LLC* does not support the proposition that granting default judgment against CMNT will protect NYM's rights; if anything, it supports the opposite conclusion. Because NYM is being permitted to intervene in, and become a party to, this lawsuit, any default judgment issued against CMNT, which would include recission of Hiscox's policies with CMNT, could have a claim-preclusive effect on NYM with respect to its obligation to cover Ocean and Euro for any claims filed against them. Hiscox's motion for default judgment therefore should not be granted before NYM has an opportunity to challenge that motion.

[5] *See supra* n.1. Indeed, as Hiscox notes, "[o]nce an insurer establishes that it issued the subject policy in reliance on material misrepresentations the insurer may 'rescind the Policy as to all insureds—even those insureds with no knowledge of any misrepresentation,'" such as

Thus, granting default judgment would effectively decide the case for NYM by making it responsible for the entirety of Euro and Ocean's defense and indemnification in the underlying suits—without even needing to determine priority of coverage. *See Golden Ins. Co. v. PCF State Restorations, Inc.*, No. 17-CV-5390 (BCM), 2018 WL 10593630, at *4 (S.D.N.Y. May 11, 2018) (explaining that, if the challenged insurance policy is declared void, the other insurer would bear "100%" of the burden of defending and indemnifying claimant in underlying action); *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 161 (S.D.N.Y. 2000) (noting that question of priority of insurance would only arise if the court found that the challenged additional insurance policy is not void); *Certified Multi-Media Sols., Ltd. v. Preferred Contractors Ins. Co. Risk Retention Grp. LLC*, No. 14-CV-5227 (ADS) (SIL), 2015 WL 5676786, at *11 (E.D.N.Y. Sep. 24, 2015) (reaching a similar conclusion). NYM—now a party to this suit *vis a vis* intervention—would have no opportunity to contest Hiscox's sought-after rescission as untimely or waived by N.Y. Ins. Law § 3420(d)(2). Accordingly, the R&R did not err in denying Hiscox's motion for default judgment as premature.

Hiscox asserts that the denial of default judgment is unwarranted because it "does nothing to adjudicate the question of whether CMNT made any material misrepresentations to Hiscox in applying for the policies." (Obj., Dkt. 45, at 6.) Not necessarily. Hiscox needs to do more than establish that CMNT made material misrepresentations to rescind the policy, which is the remedy Hiscox seeks. *See Colony Ins. Co. v. Danica Group, LLC*, No. 116200/2010, 2013 WL 1290454, at *1 (N.Y. Sup. Ct. Mar. 21, 2013) ("[T]he equitable remedy of rescission requires the court to consider the circumstances in exercising its equitable powers. Such relief is not automatically

---

additional insureds. (Obj., Dkt. 45, at 6 (quoting *Cont'l Cas. Co. v. Marshall Granger & Co., LLP*, 6 F. Supp. 3d 380, 390 (S.D.N.Y. 2014), *aff'd sub nom. Cont'l Cas. Co. v. Boughton*, 695 F. App'x 596 (2d Cir. 2017)).

granted upon default."), *aff'd*, 984 N.Y.S.2d 2 (2014); *Cont'l Cas. Co*, 6 F. Supp. 3d at 393–400 (holding that, despite the "existence of a material misrepresentation," issues such as unreasonable delay and waiver could preclude right to rescind). And NYM, far from merely seeking to determine priority, also intends to challenge Hiscox's chosen remedy of rescission. (*See* Dkt. 39-2, at 7–8 (proposed intervenor answer asserting that Hiscox's remedy of rescission is "barred by the equitable doctrines of laches, unclean hands, and estoppel—in renewing the policy, delay in rescinding, and failure to return premium").) Indeed, the case upon which Hiscox relies, although deeming the factual allegations of the complaint concerning material misrepresentation admitted by one defendant's default, *did not grant the requested judgment* of *rescission*, particularly in light of the defendant-intervenors' challenge to the rescission on grounds of "waiver" or "estoppel." *See Colony Ins.*, 2013 WL 1290454, at *1–2; *Colony Ins. Co. v. Danica Grp., LLC*, 984 N.Y.S.2d 2, 4 (1st Dep't 2014). In short, *Colony* only supports the notion that granting the default judgment of rescission is premature where, as here, the remedy of rescission is contested by another party in the case.

*   *   *

The Court has reviewed the rest of the R&R and, discerning no clear error, adopts it in full.

**CONCLUSION**

For the foregoing reasons, the Court adopts the R&R in its entirety. Accordingly, NYM's motion to intervene is GRANTED, and Hiscox's motion for default judgment is DENIED without prejudice to renew.

SO ORDERED.

/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 30, 2026
      Brooklyn, New York

8